**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSUE ZAMORA VASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1299

Agency No.
A205-388-217

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Josue Zamora Vasquez, native and citizen of Honduras, petitions for review

of the order of the Board of Immigration Appeals (BIA) affirming, without

opinion, the decision of the immigration judge (IJ), denying his applications for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *Aguilar Fermin v. Barr*, 958 F.3d 887, 891–92 (9th Cir. 2020), and we deny the petition for review.

    1.    Substantial evidence supports the IJ's determination that Zamora failed to meet his burden of establishing asylum or withholding of removal. The IJ concluded that, even assuming that Zamora were a member of a particular social group or possessed a political opinion, Zamora's single incident of past harm did not rise to the level of persecution.[1] *See Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021) (outlining that "physical violence and resulting serious injuries, frequency of harm, specific threats combined with confrontation, length and quality of detention, harm to family and close friends, economic deprivation, and general societal turmoil" are factors to consider in determining whether claimant suffered persecution). The IJ also concluded that the harm suffered was not "on account of" a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). To the contrary, Zamora testified that gang members asked him to join their gang but said nothing else to him; further, Zamora claimed that he was

---

[1] Zamora's opening brief contains allegations of harm that were not raised in his asylum application or in his testimony. Because our review is limited to the administrative record, we do not consider these allegations raised for the first time on appeal. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

targeted because he hadn't lived in the district very long and the gang members did not know him. *See id.* at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Finally, the IJ concluded that Zamora could safely and reasonably relocate within Honduras, given that he safely relocated with his father after the incident. *See* 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3). Zamora does not point to any evidence in the record that would "*compel*[] the conclusion that the [IJ's] decision was incorrect." *Sharma*, 9 F.4th at 1060 (internal quotation marks omitted). Accordingly, Zamora's asylum and withholding of removal claims fail.

2.    Substantial evidence supports the IJ's denial of CAT relief, because Zamora failed to establish it is "more likely than not" he will be tortured if returned to Honduras. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). Zamora did not suffer past torture, *see Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015), and he has not provided any evidence beyond a generalized fear of gang violence that he will be tortured in Honduras, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that "generalized evidence of violence and crime" does not establish that it is more likely than not that a petitioner will be tortured). Finally, the record supports that Zamora could relocate to avoid being tortured. *See* 8 C.F.R. § 1208.16(c)(3)(ii) (providing that in assessing CAT relief, the IJ

should consider "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured").

**PETITION DENIED.**